IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| C.E. FRANKLIN, INC. | : |
| | : |
| v. | : CIVIL ACTION |
| | : |
| RAY ANGELINI, INC. | : |
| | : NO. 07-2652 |
| v. | : |
| | : |
| TRINITY ESTATES, LLC | : |

<u>MEMORANDUM AND ORDER</u>

Kauffman, J.                                             April 28, 2008

Plaintiff C.E. Franklin, Inc. ("Plaintiff") brought this action against Defendant Ray Angelini, Inc. ("Defendant" or "RAI"), alleging breach of contract and violation of the Pennsylvania Contractor and Subcontractor Payment Act, 73 P.S.A. § 501, <u>et seq.</u> (the "Payment Act"). RAI subsequently filed a third party complaint against Trinity Estates, LLC ("Third Party Defendant" or "Trinity"), seeking contribution and indemnification and alleging breach of contract and violation of the Payment Act. Now before the Court is Trinity's Motion to Compel Arbitration (the "Motion"). For the reasons that follow, the Motion will be granted in part and denied in part.

I.    BACKGROUND

Accepting as true the allegations of the Amended Third Party Complaint, the pertinent facts are as follows: on November 2, 2006, RAI entered into a Construction Management Agreement with Trinity (the "Agreement") to perform work as the general contractor on a construction project located at 19th and Porter Streets in Philadelphia, Pennsylvania (the "Project"). <u>See</u> Exhibit A to the Amended Third Party Complaint ("Exhibit A") at ¶ 5. On

1

December 6, 2006, Plaintiff entered into a subcontract with RAI (the "Subcontract") whereby Plaintiff agreed to perform certain plumbing and HVAC work on the Project for $548,927. See Amended Third Party Complaint at ¶ 6; Exhibit A at ¶ 6. Plaintiff began work in accordance with the Subcontract and submitted a bill to RAI for payment in the amount of $94,150. See Exhibit A at ¶ 7.

On January 17, 2007, RAI notified Plaintiff in writing that the Agreement had been terminated, that RAI was no longer the general contractor for the Project, and therefore, that the Subcontract was terminated. See id. at ¶ 8. Thereafter, on June 22, 2007, Plaintiff filed a diversity action against RAI pursuant to 28 U.S.C. § 1332. RAI filed a third party complaint against Trinity pursuant to the Court's supplemental jurisdiction under 28 U.S.C. § 1367(a). On January 9, 2008, Trinity filed the instant Motion requesting that the Court dismiss the Amended Third Party Complaint and compel arbitration pursuant to the arbitration provisions in the Agreement, or in the alternative, that the Court issue an order staying proceedings on the Amended Third Party Complaint pending arbitration. On the same day, Trinity initiated an arbitration proceeding against RAI with the American Arbitration Association ("AAA"). See Motion at Exhibit 2. RAI subsequently joined in the arbitration and filed a counterclaim in the AAA proceeding. See Third Party Defendant Trinity Estates, LLC's Reply in Support of its Motion to Compel Arbitration at Exhibit A.

## II. LEGAL STANDARD

The Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, et seq., provides that "[a] written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction ... shall

be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The FAA directs district courts to enforce arbitration agreements by ordering a stay of litigation in any case that raises a dispute referable to arbitration and by issuing an affirmative order compelling the parties to engage in arbitration. Id. at §§ 3, 4.

The Supreme Court has held that "questions of arbitrability must be addressed with a healthy regard for the federal policy favoring arbitrations." Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24 (1983). However, "the FAA's proarbitration policy does not operate without regard to the wishes of the contracting parties." Mastrobuono v. Shearson Lehman Hutton, 514 U.S. 52, 57 (1995). Accordingly, prior to compelling arbitration, a district court must determine: (1) whether the parties seeking or resisting arbitration entered into a valid arbitration agreement, and (2) whether the dispute between those parties falls within the language of the arbitration agreement. See John Hancock Mut. Life Ins. Co. v. Olick, 151 F.3d 132, 137 (3d Cir. 1998) (citations omitted).

### III. DISCUSSION

The Agreement between RAI and Trinity is an industry standard agreement generated by the American Institute of Architects ("AIA"). Section 9.1 of the Agreement, titled "Dispute Resolution," provides that:

> During both the Preconstruction and Construction Phases, Claims, disputes or other matters in question between the parties to this Agreement shall be resolved as provided in sections 4.3 through 4.6 of A-201™-1997, except that during the Preconstruction Phase, no decision by the Architect shall be a condition precedent to mediation or arbitration.

Agreement at § 9.1.1, attached to Third Party Complaint as Exhibit C. A-201™-1997, which

3

Section 9.1 incorporates into the Agreement, refers to the AIA document entitled "General Conditions of the Contract for Construction" ("General Conditions"). Section 4.5 of the General Conditions, titled "Mediation," provides that:

> Any Claim arising out of or related to the Contract, except Claims relating to aesthetic effect and except those waived as provided for in Sections 4.3.10, 9.10.4 and 9.10.5 shall, after initial decision by the Architect or 30 days after submission of the Claim to the Architect, be subject to mediation as a condition precedent to arbitration or the institution of legal or equitable proceedings by either party.

General Conditions at § 4.5.1, attached to Motion at Tab 1.[1] Section 4.6 of the General Conditions, titled "Arbitration," states that:

> Any Claim arising out of or related to the Contract, except Claims relating to aesthetic effect and except those waived as provided for in Sections 4.3.10, 9.10.4 and 9.10.5 shall, after decision by the Architect or 30 days after submission of the Claim to the Architect, be subject to arbitration. Prior to arbitration, the parties shall endeavor to resolve disputes by mediation in accordance with the provisions of Section 4.5.

---

[1] Section 4.5.2 of the General Conditions provides that:

> The parties shall endeavor to resolve their Claims by mediation which, unless the parties mutually agree otherwise, shall be in accordance with the Construction Industry Mediation Rules of the American Arbitration Association currently in effect. Request for mediation shall be filed in writing with the other party to the Contract and with the American Arbitration Association. The request may be made concurrently with the filing of a demand for arbitration but, in such event, mediation shall proceed in advance of arbitration or legal or equitable proceedings, which shall be stayed pending mediation for a period of 60 days from the date of filing, unless stayed for a longer period by agreement of the parties or court order.

General Conditions at § 4.5.2, attached to Motion at Tab 1.

4

General Conditions at § 4.6.1, attached to Motion at Tab 1.[2]

In its Motion, Trinity argues that the arbitration provisions in the Agreement are enforceable and, therefore, that the Court should dismiss the Third Party Complaint with prejudice and compel arbitration, or stay the proceedings pending arbitration. RAI contends in its Opposition that any contractual right to arbitration is not ripe because the parties have not engaged in mediation, a condition precedent to arbitration under Section 4.5 of the General Conditions, and that even if arbitration were appropriate, the Court should not dismiss the Third Party Complaint with prejudice.

As noted by the Third Circuit, disputes surrounding "arbitrability" usually are divided into two categories: "substantive arbitrability" and "procedural arbitrability." See Bell Atl.-Pa., Inc. v. Commc'ns Workers of Am., AFL-CIO, Local 13000, 164 F.3d 197, 200 (3d Cir. 1999). "Substantive arbitrability refers to the question whether a particular dispute is subject to the parties' contractual arbitration provision(s). Absent a clear expression to the contrary in the parties' contract, substantive arbitrability determinations are to be made by a court and not an arbitrator." Id. However, once a court "has discerned the parties' intent to submit their underlying dispute to arbitration, any further matters surrounding the dispute *are to be submitted*

---

[2] Section 4.6.2 of the General Conditions provides that:

> Claims not resolved by mediation shall be decided by arbitration which, unless the parties mutually agree otherwise, shall be in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association currently in effect. The demand for arbitration shall be filed in writing with the other party to the Contract and with the American Arbitration Association, and a copy shall be filed with the Architect.

General Conditions at § 4.6.2, attached to Motion at Tab 1.

5

*to the arbitration procedure*" because they are issues of "procedural arbitrability." Id. at 201 (emphasis added); see also John Wiley & Sons, Inc. v. Livingston, 376 U.S. 543, 557 (1964) ("Once it is determined, as we have, that the parties are obligated to submit the subject matter of a dispute to arbitration, 'procedural' questions which grow out of the dispute and bear on its final disposition *should be left to the arbitrator.*" (emphasis added)).

RAI does not contest that there is a valid agreement to arbitrate between the parties, nor does it argue that the claims in the Third Party Complaint do not fall within the scope of the Agreement's arbitration provisions. Rather, RAI contends that arbitration is not appropriate because the parties have not completed mediation, an alleged condition precedent to arbitration under Section 4.5 of the General Conditions. "Courts traditionally hold that the question of whether the prerequisites to arbitration have been fulfilled are questions for the arbitrator and not for the court." Neurosource, Inc. v. Jefferson Univ. Physicians, 2001 WL 180264, at *5 (E.D. Pa. Feb. 14, 2001) (noting that issues such as "exhaustion of prearbitration steps" are included in this principle); see also In re Bressette, 527 F.2d 211, 215 n.6 (2d Cir. 1975) (noting that the issue of whether a party's failure to seek mediation, which preceded arbitration in the contractual grievance procedure, barred arbitration was an issue for the arbitrator, as was the issue of whether the other party had waived such an objection). Accordingly, it would be inappropriate for the Court to determine whether the procedural prerequisites for arbitration have been satisfied in this case. Since RAI does not challenge the substantive arbitrability of its claims against Trinity, the Court will stay proceedings on the Amended Third Party Complaint pending resolution of the arbitration proceedings initiated by Trinity on January 9, 2008.

## IV. CONCLUSION

For the foregoing reasons, Third Party Defendant Trinity Estates, LLC's Motion will be granted in part and denied in part. An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| C.E. FRANKLIN, INC. | : CIVIL ACTION |
| v. | : NO. 07-2652 |
| RAY ANGELINI, INC. | : |
| v. | : |
| TRINITY ESTATES, LLC | : |

## ORDER

AND NOW, this 28th day of April, 2008, upon consideration of Third Party Defendant Trinity Estates, LLC's Motion to Compel Arbitration (docket no. 12), Third Party Plaintiff Ray Angelini, Inc.'s Opposition thereto (docket no. 17), and Third Party Defendant Trinity Estates, LLC's Reply (docket no. 18), and for the reasons stated in the accompanying Memorandum, it is **ORDERED** that the Motion is **GRANTED in part** and **DENIED in part.** Accordingly, Trinity Estate, LLC's request to stay proceedings on the Amended Third Party Complaint pending arbitration is **GRANTED.** Trinity Estates, LLC's request to dismiss with prejudice the Amended Third Party Complaint is **DENIED.**

BY THE COURT:

BRUCE W. KAUFMAN, J.